UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PAUL WRIGHT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| VS. | ) | Civil Action No: SA-07-CA-1043-XR |
| | ) | |
| NATHANIEL QUARTERMAN, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER ACCEPTING UNITED STATES
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On this date the Court considered the United States Magistrate Judge's Report and

Recommendation in the above-numbered and styled case, filed May 27, 2008, and the

Petitioner's objections to the Magistrate Judge's recommendation. After careful consideration,

the Court will accept the recommendation and dismiss this case.

**STANDARD OF REVIEW**

Under the Antiterrorism and Effective Death Penalty Act of 1996, a Federal District

Court may only grant federal habeas corpus relief if the Petioner can demonstrate that the

adjudication of his claims in state court either (1) resulted in a decision that was contrary to, or

involved an unreasonable application of, clearly established federal law; or (2) resulted in a

decision that was based on an unreasonable determination of the facts in light of the evidence

presented in the state court proceeding. *See* 28 U.S.C. § 2254(d)(1)-(2). Determinations of

factual issues made by a state court are presumed to be correct. *See* 28 U.S.C. § 2254(e)(1).

Petitioner bears the burden of rebutting the presumption of correctness by clear and convincing

evidence.  *Id*.

## PROCEDURAL BACKGROUND

Petitioner Wright was indicted by the state of Texas on April 17, 2001, for aggravated assault with a deadly weapon and attempted murder.  *See* Document No. 2 at 2.  The state dropped the attempted murder charge in exchange for Petioner's plea of nolo contendre to aggravated assault and a sentence recommendation of 18 years in state prison.  *Id*.  The plea agreement was accepted by the court, but during sentencing the presiding Judge refused to recognize the agreement.  *Id*.  As a result, Petioner withdrew his plea and was convicted of attempted murder. He was sentenced to 50 years in state prison.

Petitioner appealed and the Fourth District Court of Appeals reversed his conviction and remanded the case to have the terms of the plea agreement reinstated.  *See Wright v. State*, 158 S.W.3d 590 (Tex.App.- San Antonio 2005, *writ ref'd*).  Wright was convicted in the 186th District Court on August 8, 2005, in accordance to the terms set forth in the original plea agreement.

Wright never appealed his conviction.  Instead, he alleges to have filed a state writ on September 10, 2007.  *See* Document No. 4 at 2-3.  Shortly thereafter, on November 21, 2007, the Texas Court of Criminal Appeals denied his application.  *Id* at 3.  Petitioner then filed a Federal Writ of Habeas Corpus on December 19, 2007.  He alleges three grounds of error to suggest that his conviction was unlawful: (1) the trial court lacked jurisdiction to render judgment due to a defective indictment; (2) the indictment contained structural error; and (3) his conviction violates the Double Jeopardy Clause of the Fifth and Fourteenth Amendments.  *See* Document 2 at 3-6. After considering Petitioner's claims, the Magistrate Judge has recommended to this Court that

2

they be dismissed as untimely.  Document 4 at 6.

## ANALYSIS

The Antiterrorism and Death Penalty Act of 1996 (AEDPA) maintains that a one-year period of limitations applies to applications for writs of habeas corpus by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244 (d)(1).  The limitation period runs from the latest of (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized; or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1)(A)-(D). The limitations period is tolled, however, while a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.  *Hayes v. Wilson*, No. 06-60867, 2008 WL 638063, *4 (5th Cir. March 6, 2008) citing to 28 U.S.C. § 2244(d)(2).

Petitioner's state court judgment became final on September 4, 2005, thirty days after his August 5, 2005 conviction. Document No. 4 at 3. *See also* Tex. R. App. P. 26.2(a).  Therefore, to meet the one-year requirement imposed by AEDPA, Petitioner had to have filed his application for federal review no later than August 5, 2006. Petitioner however, did not file his state writ for habeas corpus until September 10, 2007, over a year after the deadline.

A Petitioner must exhaust state remedies prior to entering the federal forum. The

3

limitations period cannot be tolled under 28 U.S.C. §2244(d)(2) if the state application is filed *after* the federal limitation has expired. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (emphasis added).  As addressed in *Ybanez v. Johnson*, the limitations bar for federal habeas review does not [*begin*] when the state rules on a habeas application. 204 F.3d 645 (5th Cir. 2000) (emphasis added).

Petiioner argues that his late filing is a result of plain error by the state, alleging that the state court lacked jurisdiction in rendering judgment because his indictment was defective. Document No. 2 at 3.  For this claim to defeat the statutory bar imposed by §2244, Petitioner must show that he was subject to events that would entitle him to equitable tolling, or show that his indictment was so "fatally defective" that it deprived the court of jurisdiction.  See *Meyer v. Estelle*, 621 F.2d 769 (5th Cir. 1980).

Equitable tolling is an exception to the statutory limitations period if there are "rare and exceptional circumstances" that caused the Petitioner to actively be misled by the state about the cause of action, or that prevented him in some extraordinary way from asserting his rights.  See *Hayes v. Wilson*, No. 06-60867, 2008 WL 638063, *4 (5th Cir. March 6, 2008) citing to 28 U.S.C. § 2244(d)(2).  To qualify, Petitioner must show that he has actively been pursuing his rights diligently, and that some extraordinary circumstance prevented his timely filing.  *Id*. citing *Lawrence v. Florida*, 127 S.Ct. 1079, 1085 (2007).

Petitioner, however, does not meet these requirements. He did not act diligently in filing his state habeas claim because he waited a year after his conviction became final to file his state petition. See *Kelly v. Quarterman*, 260 Fed. Appx. 629, 631 (5th Cir. 2007) (holding that a state prisoner who waited almost six months before filing a state habeas petition was not entitled to

4

equitable tolling).  Additionally, petitioner makes no fact-specific allegations as to how the defective indictment prevented him from timely filing.  Without a showing of either of these requirements, Petitioner is not entitled to equitable tolling.

Petitioner can also defeat the statutory limitations bar if he shows that the defect in his indictment was so fatal that it deprived the trial court of jurisdiction.  *Brantley v. McKaskle*, 722 F.2d 187, 189 (5th Cir. 1983). See also *Meyer v. Estelle*, 621 F.2d 769 (5th Cir. 1980) (holding that the defect must be so "fatally defective" as to deprive the court of jurisdiction).  However, if sufficiency of a state indictment was squarely presented to the highest court of the state on appeal, and that court held that the trial court had jurisdiction over the case, it is no longer subject to federal review.  *Wood v. Quarterman*, 503 F.3d 408, 412 (5th Cir. 2007).

Petitioner's claim of a defective indictment was addressed when he filed a state writ for habeas relief.  Petitioner asserted in his federal petition that he had previously filed a post-conviction writ of habeas raising three grounds of error.  See Document 1 at 3.  There is no indication from Petitioner that the claims raised in his state petition, which were considered by the Texas Court of Criminal Appeals, differ from his claims brought before the Court today. Thus, as noted by the Magistrate Judge, Petitioner's complaint "concerning sufficiency of the state indictment to confer jurisdiction, by necessity, was presented to and rejected by the Texas Court of Criminal Appeals . . . by habeas corpus."  Document 4 at 5.  As a result, because Petitioner's sufficiency of the indictment claim has been squarely presented to the highest state court on appeal, it is foreclosed to this Court for review.

Additionally, even if this Court were able to consider Petitioner's claims, the Court finds them to be without merit. Petitioner waived his right to challenge the indictment when he entered

a nolo contendre plea.  Document 2 at 2.  When a Defendant pleads nolo contendre, he waives all non-jurisdictional defects in the proceedings against him, and a defective indictment has been held by the Fifth Circuit to be a non-jurisdictional defect.  *Johnson v. Estelle*, 704 F.2d 232 (5th Cir. 1983); *United States v. Gallardo*, 256 Fed. Appx. 668 (5th Cir. 2007).  Nowhere in the record does Petitioner assert he was forced to enter his nolo contendre plea.  Instead, as noted by Petitioner, "the plea was entered in exchange for the state's recommendation that [he] be sentenced to 18 years."  Document 2 at 2.  Because Petitioner voluntarily entered his plea of nolo contendre, he waived his right to challenge the indictment he now alleges as defective.

## CONCLUSION

Petitioner's Writ for Habeas Corpus is therefore DENIED and DISMISSED with prejudice for failure to meet the limitations period imposed by 28 U.S.C. § 2254.

It is so ORDERED.

SIGNED this 4th day of June, 2008.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE